**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEENA WASHINGTON,

      Plaintiff-Appellant,

v.

UNITED PARCEL SERVICE, INC.,

      Defendant-Appellee.

No.   22-35505

D.C. No. 6:20-cv-00077-SEH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted June 5, 2023[**]
Seattle, Washington

Before: SCHROEDER, HAWKINS, and CALLAHAN, Circuit Judges.

Deena Washington appeals the district court's grant of summary judgment in

her Title VII employment discrimination action against United Parcel Service, Inc.

("UPS"). Washington alleges that UPS declined to interview or hire her for two

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

part-time package center supervisor positions and a part-time package handler position in retaliation for her reporting of harassment by another employee. The harassment and reporting took place three years earlier when Washington worked in Human Resources at UPS. We have jurisdiction under 28 U.S.C. § 1291.

The district court did not err in granting summary judgment in favor of UPS on Washington's retaliation claims. Washington failed to show any genuine issues of material fact regarding a causal connection between her reporting of harassment by a UPS employee in 2016 and UPS's decision in 2019 to not interview or hire her for the three positions. *See Univ. of Tex. Sw. Medical Ctr. v. Nassar*, 570 U.S. 338, 360 (2013) (holding that "Title VII retaliation claims must be proved according to traditional principles of but-for causation [which] . . . requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."). There is no evidence in the record of "but-for causation" or that the employee Washington reported in 2016 had any role in hiring for the positions in 2019.

Even if Washington had established a prima facie case, UPS provided legitimate nondiscriminatory reasons for not interviewing or hiring Washington for the positions. We have held that if a prima facie case is established, the defendant has the burden of production to "articulate some legitimate, nondiscriminatory

2

reason for the challenged action[,]" and that if this burden is met, the plaintiff then must "show that the articulated reason is pretextual." *See Opara v. Yellen*, 57 F.4th 709, 723 (9th Cir. 2023); *see also Ruggles v. Cal. Polytechnic State Univ.*, 797 F.2d 782, 786 (9th Cir. 1986). The reasons UPS provided were that: Washington was overqualified for the package handler position and unlikely to remain in the position given her stated desire to return to working in Human Resources at UPS; UPS generally does not hire employees who previously worked as full-time management back as part-time hourly workers because of potential conflicts of interest; and Washington's prior relationship with a UPS manager and the manager's ongoing payment of child support to her posed potential conflicts of interest under UPS's Employee Relationship Policy. Washington has failed to show genuine issues of material fact that UPS's proffered reasons for declining to interview or hire her for the positions were pretext for retaliation.

Washington further contends that the district court erred in concluding that a statement from a UPS employee who interviewed her for the part-time package handler position was inadmissible hearsay. We afford broad discretion to a district court's evidentiary rulings. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). There is no reason to overturn the district court's grant of

3

summary judgment on the basis of an evidentiary challenge raised for the first time on appeal.

**AFFIRMED.**